(88 South. 554)

### McKAY et al. v. CARMICHAEL.
### (7 Div. 106.)

(Supreme Court of Alabama. April 7, 1921.)

I. **Cancellation of instruments ⬥37(6)—Bill held not prolix for reciting fraudulent means by which the deed was obtained.**

A bill to cancel and annul a deed and revest title in oratrix, alleging the fraudulent securing of a deed, *held* not prolix for recital of the methods by which the deed was procured, where such material was not impertinent or scandalous, although it might have omitted an allegation concerning probate proceeding of which it stated there was no record.

---

**2. Equity** ⬅117—**Bill held not subject to demurrer for not making youngest child a party as tenant in common with plaintiff in the homestead.**

A bill by complainant with homestead rights in her deceased husband's property would necessarily have to make the youngest child a party, were he a tenant in common; but, where the bill shows that in law and in fact the child is not so interested, such status must be accepted as against the demurrer to the bill.

**3. Equity** ⬅148(6)—**Bill for cancellation of deeds held not multifarious.**

Widow's bill, claiming homestead rights in deceased husband's lands, setting up fraudulent procuring of separate deeds under which defendants claim, and seeking their cancellation, *held* not multifarious.

**4. Cancellation of instruments** ⬅37(6)—**Bill to set aside deed for fraud held sufficient.**

In a bill by a widow with homestead rights in deceased husband's lands, alleging false and fraudulent statements and representations inducing decree of sale and deed to defendants, whether the inducing fraud proceeded from one or the other of defendants is immaterial, where their purpose to obtain the property by fraud is averred by the bill, which seeks to cancel the deeds under which they claim.

Appeal from Circuit Court, Clay County; E. J. Garrison, Judge.

Bill by Martha Carmichael against C. W. McKay and another to cancel and annul a deed and that the title be vested in oratrix in fee simple. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill is as follows:

(2) Oratrix states, charges, and avers that she is the widow of Calvin Carmichael, who died intestate in Clay county, Alabama, in the year, to wit, 1910, leaving surviving him your oratrix, his widow, ten sons, viz. Moses, Edmund, Thaddeus, Macolm, commonly called Macon, Miles. James, Taulbert, Prince, Artemus, and Warren Carmichael, and three children of his deceased son George, viz. Anna Pitts, Bama Ware, and Nancy Pryor.

That said Calvin Carmichael died intestate, as aforesaid. and left no property except the 120 acres of land, the subject of this suit, and which is described as follows, viz. the north half of the northeast quarter and the southwest quarter of the northeast quarter of section 1, township 22, range 5, in Clay county, Alabama.

(3) Oratrix states, charges, and avers that the said land hereinabove described was the only estate left by said Calvin Carmichael, as above set forth, and that the same was duly and regularly claimed by her and was set apart to her and said Warren Carmichael by the probate court of Clay county, Alabama, in a proceeding therein had on petition filed by her for having said property set apart to her as hers in fee simple according to the statutes in such cases made and provided; but oratrix is informed and believes, and therefore on such information and belief states the fact to be,

that her solicitor in this suit searched for the file and record of such papers and proceedings in having the said land set aside, in the probate office of Clay county, Alabama, on Thursday, February ——, 1920, and such papers could not be found, nor the record thereof; hence she is unable to make such papers, or any part thereof, an exhibit to this bill.

(4) Oratrix further states, charges, and avers that the said land was set apart to this oratrix and her son Warren Carmichael, because of the fact that said Warren was a minor at the time of the death of his father but was of age when said land was so set apart; and oratrix was informed that said land should be set apart to both of them, but has since been informed that said Warren was not a proper party in said proceedings, and that he obtained no right or title to the said land by said decree setting same apart, but that the entire fee-simple title was vested in your oratrix.

(5) Oratrix further states, charges, and avers: That after the said land was so set apart she and said Warren sold the timber on said land, and that when Edmund and Thaddeus Carmichael learned of such timber sale they employed the respondents herein, viz. the firm of McKay & Crumpton, attorneys, of Ashland, to recover for them what they claimed as their part of the timber money. That said Mr. McKay came to the home of this oratrix and represented to her and to said Warren that he had been employed by said Edmund and others, and that it was the law that they owned part of the land, and that said proceeding setting apart the same to this oratrix was a void proceeding, and unless they, oratrix and said Warren, gave to him the part of the timber money for the other heirs, he would have them arrested for false swearing, in said proceedings in said probate court. Oratrix states, charges, and avers: That she had known the said McKay since his infancy, and had great confidence in his words and representations; that he represented to this oratrix that he would not do anything at all to take any of her land, nor would he let his clients, "the boys," take any part of her land. That by fraud, deceit, and artful wiles and misrepresentations the said McKay obtained from said Warren Carmichael part of the money gotten from the sale of the timber, and also stated that he would have his partner, Mr. Crumpton, the other respondent herein, who is also a notary public, come down and get her to sign a deed, but that the signing of said deed would only have to do with the timber sale money, and would not in any way interfere with the title of this oratrix in the said land. That this occurred some time in the year 1919, and to the best recollection of oratrix in the late spring of said year. That after the visit of said McKay, and probably a week or two later, the said Crumpton came down to the home of this oratrix and presented said Warren and this oratrix with a deed to sign, representing and stating that said deed was in regard only to the timber sale, and that oratrix and said Warren had sworn falsely in regard to their homestead proceeding in the probate court of Clay county, Alabama, and unless they, said oratrix and Warren, signed the said deed, he would have them prosecuted for such false swearing

and would be sure to win such prosecution. That he gave no consideration at all for the said deed, nor was any consideration of any kind given to this oratrix or the said Warren; nor did said Crumpton read over the said deed to her, nor inform her of its contents, although she requested same to be done, other than to tell her it related only to the timber sale. That said deed was not, up to February 26, 1920, recorded nor filed in the probate office of Clay county, Alabama; hence oratrix cannot state with more certainty what it contained, nor attach a copy herewith as an exhibit. That oratrix is an old and ignorant colored woman, unable to either read or write, and acting solely on the representations and statements of the said McKay and Crumpton she signed the said papers presented to her by said McKay and Crumpton, having been told by them that such papers related only and solely to the said timber sale, and had nothing to do with the land.

(6) Oratrix further states, charges, and avers that on, to wit, September 1, 1919, the said McKay and Crumpton, claiming to represent Edmund Carmichael and various other complainants, filed a bill in this court, alleging the said complainants and respondents named in said bill were the owners of the said land, that the same could not be equitably divided among the joint owners thereof, and praying that the said land be sold for a division of the proceeds thereof among the joint owners, a copy of which said bill is hereto attached, marked Exhibit A, and prayed to be taken as a part hereof, with leave of reference thereto; that said oratrix was not made a party to the said bill in any manner, nor was notice of same given to her; that during the course of the said partition proceedings a sale of the said property was ordered, the sale was made on, to wit, February 23, 1920, and the said property deeded to said C. W. McKay and A. L. Crumpton; that the price bid for said property, and at which it was sold, was grossly inadequate to its value, and that no testimony was taken in said proceedings to show the value of the same, the price at which it was sold having been, to wit, $160, nor was the value of said land alleged in the said bill, a copy of which is hereto attached, marked Exhibit A; that at the sale of said property the said C. W. McKay, by misrepresentations, deceit, and fraud, prevented prospective buyers from bidding on said property.

(7) Your oratrix further states, charges, and avers that the said firm of McKay & Crumpton was not employed by any of the parties to the said bill for partition to file the said bill, nor ask for a sale of the said property, but filed the said bill and carried on the said proceeding without having been in any manner employed to do so by any of the parties to the said bill, or any of the owners or alleged owners of the said land, and in the belief of this oratrix was filed by them solely for the purpose of buying in the said property for greatly less than its value, which they finally did.

Prayer. The premises considered, oratrix prays that the said C. W. McKay and A. L. Crumpton be made parties respondent to this bill of complaint in the manner provided by law and by the rules of this honorable court;

that process of subpœna issue to them, commanding and requiring them to plead, answer, or demur to the same within the time required by law, or that, failing therein, a decree pro confesso may be rendered against them; and on the final hearing hereof oratrix prays that the said deed hereinbefore referred to as having been obtained from this oratrix and said Warren Carmichael by fraud as aforesaid, and the said sale of said property in said partition proceeding, and the deed made in pursuance thereof, may be canceled, rendered void, and removed as clouds on the title of this oratrix to the said property, and that the entire title to the said property may be invested, in fee simple, into this oratrix. And if in anything oratrix is mistaken in her prayer for relief, then she prays for such other, further, and more general relief as to which in equity and good conscience she may be entitled, and as to your honor may seem meet and proper; and as in duty bound she will ever pray.

Frank L. Vance, Solicitor for Complainant.

Footnote.—The respondents are required to answer every material allegation in the foregoing bill of complaint, from paragraphs 1 to 7, inclusive; but answer under oath is hereby expressly waived.

Frank L. Vance, Solicitor for Complainant.

### Exhibit A to Bill.

State of Alabama, Clay County.

To the Honorable Hugh D. Merrill, judge of said court, sitting in equity, humbly complainant, your orators, Princes Carmichael, Edmund Carmichael, Moses Carmichael, Thaddeus Carmichael, Malcomb Carmichael, Artemus Carmichael, Anna Pitts, Bama Ware, and Nancy Pryor, respectfully show and make known unto your honor, the following facts, to wit:

(1) That Anna Pitts, Bama Ware, and Nancy Pryor reside in the state of Tennessee, that the other orators live in the state of Alabama, and that all of the above-named orators are over the age of 21 years and of sound mind.

(2) That Warren Carmichael and Tolbert Carmichael are each over the age of 21 years and reside in Clay county, Alabama, and are of sound mind; that James Carmichael and Miles Carmichael are each over the age of 21 years and of sound mind, and reside somewhere in the state of Georgia, but that the correct address of said persons is unknown to orators.

(3) That orators and said Warren D. Carmichael, James Carmichael, Miles Carmichael, and Tolbert Carmichael, who are hereinafter referred to as respondents, own jointly the following described property, to wit: The northeast quarter of the northeast quarter, the northwest quarter of the northeast quarter, and the southwest quarter of the northeast quarter of section 1, township 22, range 5.

(4) That each of said parties has the following interest in said property, to wit: Bama Ware, Anna Pitts, and Nancy Pryor each own an undivided $1/33$ interest, and each of the other complainants and respondents own an undivided $1/11$ interest.

(5) That said property cannot be equitably divided among the joint owners thereof without a sale for the division of the proceeds among said joint owners.

(6) That it was necessary for complainants to employ a solicitor to aid them in the proceedings to sell said property for a division, and they have employed McKay & Crumpton, practicing solicitors, of Ashland, Alabama, to represent them in said proceedings, and that said solicitors should be paid a reasonable fee for their said services.

The premises considered, orators pray that Warren D. Carmichael, James Carmichael, Tolbert Carmichael, and Miles Carmichael be made parties respondent to this bill, and that notice issue to them as required by law and the rules of this court, and that on final hearing your honor will make and enter a decree ordering the said above-described property sold for division among the joint owners thereof, ascertaining the amount of the interest of each party, and that your honor will order a reference to determine the amount of the solicitor's fee which should reasonably be paid orators' solicitors, and will order that said amount be taxed as costs and paid as other costs in this cause. And if orators have not prayed for the proper relief, they ask such other, further, additional relief, general or special, may be granted them as may to the court seem meet and proper, and orators will ever pray, etc.

McKay & Crumpton, Sols. for Complts.

Respondents filed exceptions to that part of paragraph 3 of the bill which states the loss of the records in the probate court, all of paragraph 4, paragraph 5, paragraph 6, paragraph 7, and Exhibit A to the bill, and also demurrers setting up nonjoinder of parties complainant, in that Warren Carmichael should have been made a party, that the bill is multifarious in seeking to amend a decree of probate court, and in seeking to change a decree to which respondents are not parties, and for other reasons stated in the opinion.

McKay & Crumpton, of Ashland, for appellants.

The exceptions were well taken and should have been sustained. 119 Miss. 410, 80 South. 119. There was a nonjoinder of parties complainant. 187 Ala. 165, 65 South. 381; 129 Ala. 214, 29 South. 920; 107 Ala. 163, 18 South. 247; 10 Ala. 149; 16 Cyc. 185. The bill is multifarious. 165 Ala. 144, 51 South. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102. The charges of fraud were insufficient. 72 Ala. 207; 76 Ala. 347; 201 Ala. 150, 77 South. 574; 16 Cyc. 231. The bill will be construed more strongly against the pleader. 201 Ala. 150, 77 South. 574.

Frank L. Vance, of Talladega, for appellee. No brief reached the Reporter.

SAYRE, J. Appellee filed her bill in this cause, averring her sole ownership of a tract of land in Clay county, and seeking the vacation, cancellation, and annulment of a deed acquired by defendants at the end of a proceeding for the partition by sale and a deed executed by herself to defendants purporting to convey the same tract. The proceeding in question and the deeds referred to are averred to have been engineered and procured by the fraud of defendants. The trial court overruled exceptions and a demurrer to the bill.

[1] The averments of the bill are designed to present a history of the process by which, through the alleged manipulations of defendants, complainant lost her title to the tract of land which had been the homestead of her deceased husband. Complainant might have omitted averment of the proceeding in the probate court, since there was no record of it, and what ought to be of record must be proved by record; but we cannot see that a candid statement of what was there done, purporting to vest title in one of complainant's children, though not effectual to that end, because the homestead had vested by law in complainant alone, and because there was no record showing anything different, should be considered prolix. It was not in fact stated with prolixity, or impertinent, or scandalous. Nor were other parts of the bill, to which defendant's exception was directed, impertinent to a fair statement of complainant's case, or otherwise objectionable.

[2] Nor was the demurrer well taken. If it had appeared that complainant's youngest child was interested in the homestead as a tenant in common, it would have been necessary, of course, that he be made a party, either complainant or defendant; but the bill shows that in law and fact the child is not so interested, and this status must be accepted, as against the demurrer and until the proof may show the contrary.

[3] Nor is the bill multifarious. We have stated the purpose of the bill, and that purpose can only be accomplished effectually by the cancellation of both the deeds under which defendants claim.

[4] The fraud complained of is stated with sufficient particularity. False and fraudulent statements and representations inducing the decree of sale and the deed to defendants are stated, and whether proceeding from one or the other of the defendants is immaterial. If there was a purpose to get complainant's property by fraud, as the bill avers, it can avail defendants nothing that the execution of the plan was committed in part to one and in other part to the other of them. Nor do we find inconsistencies in the bill, nor that it is bad for that, being an old and ignorant negro woman, complainant relied upon statements made by defendants, when, had she been more alert, better informed, and less dependent, she ought to have known better. In short we think the bill will suffice as against the demurrer.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.